**Electronically Filed
Supreme Court
SCPW-20-0000575
05-NOV-2020
11:46 AM
Dkt. 30 ODDP**

SCPW-20-0000575

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY, Petitioner,

vs.

THE HONORABLE R. MARK BROWNING, Judge of the Circuit Court of the
First Circuit, State of Hawaiʻi, Respondent Judge.

---

ORIGINAL PROCEEDING
(Trust No. 1TR141000019)

ORDER DENYING PETITION FOR WRITS OF PROHIBITION AND MANDAMUS
(By: Nakayama, Acting C.J., Wilson, J.,
Circuit Judge Cahill, assigned in place of Recktenwald, C.J.,
recused, Circuit Judge Tonaki, assigned in place of
Circuit Judge Cataldo, recused, and Circuit Judge Loo,
assigned by reason of vacancy)

Upon consideration of petitioner Association of
Apartment Owners of Discovery Bay's petition for writs of
prohibition and mandamus, filed on September 24, 2020, the
documents attached thereto and submitted in support thereof, and
the record, it appears that, under the specific facts and
circumstances of this matter, petitioner fails to demonstrate
that it has a clear and indisputable right to relief or that it
lacks alternative means to seek relief.  Further, it cannot be
said that the respondent judge exceeded his jurisdiction,
committed a flagrant and manifest abuse of discretion, or refused

to act on a matter in addressing the law clerk issue raised in this original proceeding.  Petitioner, therefore, is not entitled to the requested extraordinary writs.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); Honolulu Adv., Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of prohibition "is an extraordinary remedy . . . to restrain a judge of an inferior court from acting beyond or in excess of his jurisdiction").  Accordingly,

IT IS HEREBY ORDERED that the petition for writs of prohibition and mandamus is denied.

DATED: Honolulu, Hawaiʻi, November 5, 2020.

/s/ Paula A. Nakayama

/s/ Michael D. Wilson

/s/ Peter T. Cahill

/s/ John M. Tonaki

/s/ Rhonda I.L. Loo



2